FERNÁNDEZ, LIQUIDATOR OF FERNÁNDEZ & CO., LTD., APPELLANT,
*v.* REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property, Refusing to Record a Deed of Purchase and Sale and Mortgage.

No. 437.—Decided November 11, 1919.

POWER OF ATTORNEY—RATIFICATION OF PREVIOUS ACTS—RETROACTIVE EFFECT.—A power of attorney is effective from the date of its execution. In order that the attorney in fact may ratify previous acts it is necessary that such authority be given in the power of attorney or that the same be given retroactive effect. Powers of attorney must be construed strictly.

INSTRUMENTS EXECUTED IN FOREIGN COUNTRIES.—Instruments executed in foreign countries must be properly attested in order that they may be recorded in the registries of property of Porto Rico.

The facts are stated in the opinion.

The appellant appeared *pro se.*

The respondent appeared by brief *pro se.*

MR. JUSTICE DEL TORO delivered the opinion of the court.

Deed No. 48 of purchase, sale and mortgage, executed by the partnership of Fernández & Co., Ltd., in liquidation, in favor of Gervasio Gandía Córdova before a notary public

on August 19, 1919, was presented in the Registry of Property of San Juan, Section 1, accompanied by other documents. The registrar refused to record the purchase and sale for the following reasons:

"According to the powers of attorney, copies of which were exhibited, conferred by the Successions of Eusebio Fernández Méndez, Amalia González Pérez and José Fernández González, although the attorney in fact is authorized to 'liquidate, modify and extend the partnerships in which the ancestors had interests and to form new ones with the properties and capitals of the said estates, with full powers to stipulate conditions,' as to the successions of the first two, and to 'liquidate, dissolve and modify all the businesses and partnerships in which José Fernández had an interest, or to extend the same and form new partnerships, either mercantile or civil, all in the manner and under the conditions which he may' see fit to stipulate,' yet he is not empowered to ratify contracts made previous to the conferment of such powers, whether made by the ancestors in person or by others as their representatives, as is the case with the deed of dissolution of partnership and appointment of a liquidator because it is considered that the present attorney can only execute new acts, that is, from the dates of the respective powers, for previous to the conferment of said powers no acts could be executed except by the ancestors and by their successions in their names, unless the powers should have been expressly given retroactive effect, as was held in the judgment of the Supreme Court, vol. 23, p. 621; that although at the end of the copies of the wills exhibited there is a certificate of authentication by the Consul of the United States in Gijón, Spain, in specifying the document referred to in each case the certificate only states that it refers to a power of attorney, which fact prevents the conclusion that the said documents were authenticated, as they should have been in accordance with the decision reported in vol. 12, p. 156."

The registrar also refused to record the mortgage, and Felipe Fernández, as liquidator of Fernández & Co., Ltd., took the present appeal from both decisions. The appellant and also the registrar have filed briefs in which they discuss the questions involved. We deem it unnecessary to analyze these questions more fully. The decision transcribed is clear

and is based on the law and jurisprudence. A careful study of all the documents presented forces the conviction that this is a case of a valid contract which should be recorded without difficulty in the registry. Nevertheless, powers of attorney must be construed strictly and the registrar was justified in his attitude. Although the rule applied to this particular case may perhaps cause delay in the transaction, yet the rule should not be broken for that reason, because it constitutes, generally, a guarantee for all citizens. As to the matter of the authentication, we agree with the appellant that it must have been an involuntary error, but the fact is that where it should read "will" it reads "power" and therefore the error exists.

The decisions appealed from must be

*Affirmed.*

Chief Justice Hernández and Justice Aldrey concurred.

Justices Wolf and Hutchison took no part in the decision of this case.